**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PAULA M. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 09-2222-KHV |
| ) | |
| JOHN E. POTTER, Postmaster General ) | |
| of the United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Pro se plaintiff Paula M. Jones brought suit against John E. Potter, Postmaster General of the United States Postal Service, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the National Agreement between American Postal Workers Union and the United States Postal Service ("National Agreement"). On August 12, 2010, the Court granted defendant summary judgment as to plaintiff's Title VII claims and struck plaintiff's motion for summary judgment. See Memorandum and Order (Doc. #44). In its order, the Court noted that because defendant did not address plaintiff's claim of retaliation under the National Agreement, the Court construed its motion as seeking summary judgment only on the Title VII portion of plaintiff's claim. Id. at 2 n.2. This matter now comes before the Court on Defendant's Motion For Reconsideration Of Part Of The Court's Memorandum And Order Filed On August 12, 2010 (Doc. #45) filed August 25, 2010 and Plaintiff's Motion For Retaliation To Remain In Case Of The Courts [sic] Memorandum And Order Filed August 12, 2010 (Doc. #47) filed September 17, 2010, which the Court construes as an untimely response to defendant's motion.[1] Under D. Kan. Rule 7.3(b), defendant asks the Court to

---

[1] Defendant filed its motion on August 25, 2010. Under D. Kan. Rule 6.1(d)(1),
(continued...)

reconsider the portion of its order which found that plaintiff's claim of retaliation in violation of the National Agreement remained in the case.

The Court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D.Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Here, defendant contends that the Court committed clear error when it concluded that plaintiff's claim for retaliation under the National Agreement remains in the case. Defendant essentially argues that because the pretrial order contains only one reference to the National Agreement, the Court should ignore the following language which sets forth plaintiff's theory of recovery:

> Defendant took unwarranted disciplinary actions against plaintiff when her

---

[1](...continued)
plaintiff's response was due within 14 days, on or before September 8, 2010. Plaintiff filed her motion nine days after the response deadline, on September 17, 2010. As the Court noted in its August 12, 2010 order, plaintiff regularly disregards the local rules by filing independent motions rather than out-of-time responses to defendant's motions. See Doc. #44, at 2.

attendance file was flagged as "deems desirable between October 11, 2008, and November 14, 2008, in violation of the National Agreement between American Postal Workers Union and the United States Postal Service and Title VII of the Civil Rights Act of 1991."

Pretrial Order (Doc. #29) filed June 14, 2010, ¶6.a.(2).

While plaintiff's claim in this regard may well be flawed, the fact remains that defendant wholly failed to address it in its summary judgment motion. The record contains no evidence which the Court could consider regarding the viability of plaintiff's claim because defendant presented none, and the Court will not construct legal arguments or theories on defendant's behalf. See In re Motor Fuel Temp. Sales Practices Litig., 534 F. Supp.2d 1214, 1235 (D. Kan. 2008). Accordingly, while defendant's arguments about the legal viability of this claim may have merit, defendant (1) improperly raises them for the first time in this motion to reconsider and (2) fails to explain how manifest injustice results from the claim remaining in the case.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Reconsideration Of Part Of The Court's Memorandum And Order Filed On August 12, 2010 (Doc. #45) filed August 25, 2010 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Retaliation To Remain In Case Of The Courts [sic] Memorandum And Order Filed August 12, 2010 (Doc. #47) filed September 17, 2010, which the Court construes as an untimely response to defendant's motion, be and hereby is **OVERRULED as moot.**

Dated this 6th day of October, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge