**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PAULA M. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 09-2222-KHV** |
| ) | |
| **JOHN E. POTTER, Postmaster General** ) | |
| **of the United States Postal Service,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On October 8, 2010, defendant alerted the Court that it may lack subject matter jurisdiction over plaintiff's remaining claim of retaliation in violation of the National Agreement because plaintiff has no evidence or allegation that she exhausted her remedies under the National Agreement or that the union breached its duty of fair representation. The Court thereafter ordered plaintiff to show cause why it should not dismiss this case for lack of subject matter jurisdiction. See Order To Show Cause (Doc. #51) (citing Lohf v. Runyon, 999 F. Supp. 1430, 1436 (D. Kan. 1998)). This matter is before the Court on Plaintiffs [sic] Motion To Show Cause [sic] (Doc. #56) filed October 18, 2010, which the Court construes as a response to the show cause order.

In her response, plaintiff argues that the union breached its duty of fair representation on two occasions: once when she grieved a Letter of Warning which she received on April 11, 2006 and again when she grieved a Letter of Warning which she received on February 13, 2007. With respect to the letter of April 11, 2006, plaintiff argues that the union settled her grievance without arguing unspecified violations. With respect to the letter of February 13, 2007, plaintiff argues that the union violated the National Agreement when it settled her grievance at Step 3 but waited more than 60 days to notify her, which prevented her from filing an appeal to Step 4 (Arbitration) within 21 days

after the settlement. Plaintiff therefore filed a complaint with the National Labor Relations Board on September 11, 2007. See Doc. #56-6. Plaintiff provides no other information about the complaint or whether or how it was resolved. With regard to the subject matter of this case, plaintiff argues that on November 20, 2008, she asked for a Step 1 meeting after Marlene Nichols flagged her attendance record. Plaintiff argues that Nichols refused to schedule a Step 1 meeting, telling plaintiff that she did not have to talk to plaintiff because "they" told her that she could take that kind of action against plaintiff. Plaintiff suspected that the union and maybe Mark Scarborough had so instructed Nichols. Plaintiff contends that because of these three incidents (one in 2006, one in 2007 and one in 2008), she believed that the union would not fairly represent her on her retaliation claim under the National Agreement and she therefore decided not to exhaust her contractual remedies.

Ordinarily, employees must attempt to exhaust any grievance or arbitration remedies provided in a collective bargaining agreement. Garvin v. Am. Tel. & Tel. Co., 174 F.3d 1087, 1093 (10th Cir. 1999). Such exhaustion is excused if (1) it would be futile, (2) the employer has repudiated the grievance procedure, or (3) the union has prevented the employee from using the grievance process by breaching its duty of fair representation. Id. Here, plaintiff, who sues her employer for breaching the collective bargaining agreement, argues that the union breached its duty of fair representation in handling two prior grievances, which rendered the grievance process futile with respect to her retaliation claim. Plaintiff's cases stand for the proposition that an employee who is bound to exhaust remedies under a collective bargaining agreement cannot bring suit against her employer unless the union, as bargaining agent, breached its duty of fair representation in handling the employee's grievance. See Vaca v. Sipes, 386, U.S. 171, 186 (1967), Amalgamated Ass'n of

St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge, 403 U.S. 274, 299 (1971). To prove a breach of such duty, plaintiff must prove "arbitrary or bad-faith conduct" by the union with substantial evidence of fraud, deceitful action or dishonest conduct. Id. Such arbitrariness is only shown if the union's behavior is "so far outside a wide range of reasonableness as to be irrational." Nelson v. Holmes Freight Lines, Inc. 37 F.3d 591, 594 (10th Cir. 1994) (quoting Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991)). Moreover, to prove that exhaustion would be futile, plaintiff must make a "clear and positive" showing of futility. Cox v. Essex Group, 25 F.3d 1056 (Table), 1994 WL 247035, at *1 (10th Cir. June 8, 1994) (quoting Fizer v. Safeway Stores, Inc., 586 F.2d 182, 183 (10th Cir. 1978)).[1]

Plaintiff presents no evidence that with respect to her retaliation claim or the two prior grievances, her union engaged in arbitrary or bad faith conduct, or that utilizing the grievance procedure for the retaliation claim in this case would have been futile. Rather, plaintiff points to evidence that (1) on two prior occasions, she was dissatisfied with the union's resolution of her grievances and (2) on one of those occasions, the union untimely notified her of a settlement, which effectively foreclosed her ability to appeal the decision. Plaintiff presents no evidence that the union's conduct in either respect was fraudulent, deceitful, dishonest or in bad faith. See Doc. #56-6, at *12-13. Simply stated, the record contains no evidence that the union engaged in arbitrary or bad faith conduct with respect to its handling of plaintiff's prior grievances.[2] Finally, plaintiff makes

---

[1] When an employee alleges that her union breached its duty of fair representation related to her employer's violation of a collective bargaining agreement, she must prove both the breach and the violation whether she sues her employer, the union, or both. See Nelson, 37 F.3d at 594; see also DelColstello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983).

[2] In fact, the record suggests that after plaintiff objected to the first settlement
(continued...)

no showing that exhaustion with respect to her retaliation claim in this case would have been futile. Her personal belief that the union would not fairly represent her, based on dissatisfaction with its handling of her prior grievances and her speculation that the union told Nichols that she could flag plaintiff's attendance record is not "clear and positive" evidence of futility. See Corbin v. Runyon, 188 F.3d 518 (Table), 1999 WL 590749, at *5 (10th Cir. Aug. 6, 1999) (unsupported conclusions not enough to justify failure to exhaust or breach of duty of fair representation).

Plaintiff has not shown cause why the Court should not dismiss the case for lack of subject matter jurisdiction for failure to allege or prove exhaustion of remedies. See id. at *4 (affirming dismissal because plaintiff failed to sufficiently allege facts supporting exhaustion claim); Cox, 1994 WL 247035, at *1 (affirming district court grant of summary judgment for lack of jurisdiction because plaintiff failed to exhaust grievance and arbitration procedures in collective bargaining agreement).

**IT IS THEREFORE ORDERED** that plaintiff's sole remaining claim is **DISMISSED with prejudice.**

Dated this 2nd day of November, 2010 at Kansas City, Kansas.

                                      s/Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge

---

[2](...continued)
negotiated by the union, it decided not to sign the agreement. See Pretrial Order (Doc. #29) at 4.